UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re:                                                   :
                                                         :   Chapter 7
LINDA D. WILLIAMS,                                       :
                                                         :   Case No. 11-24179 (RDD)
                               Debtor.                   :
                                                         :
                                                         :
-------------------------------------------------------- x

**REPORT BY THE UNITED STATES TRUSTEE
OF CHAPTER 7 TRUSTEE ELECTION CONTROVERSY**

**TO: THE HONORABLE ROBERT D. DRAIN,
    UNITED STATES BANKRUPTCY JUDGE:**

Tracy Hope Davis, as the United States Trustee for Region 2 (the "United States Trustee"), by and through her undersigned counsel, hereby respectfully submits to the Court the following report (the "Report") of election controversy with respect to the May 2, 2012 chapter 7 trustee election conducted in the cases of Linda D. Williams (the "Debtor") and represents as follows:

**I.    Relevant Statutes and Federal Rules of Bankruptcy Procedure**

Section 702 governs requests to elect a trustee. It provides:

(a) A creditor may vote for a candidate for trustee only if such creditor—

>  (1) holds an allowable, undisputed, fixed, liquidated, unsecured claim of a kind entitled to distribution under section 726 (a)(2), 726 (a)(3), 726 (a)(4), 752 (a), 766 (h), or 766 (i) of this title;

>  (2) does not have an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution; and

>  (3) is not an insider.

-1-

>(b) At the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section.
>
>(c) A candidate for trustee is elected trustee if—
>
>>(1) creditors holding at least 20 percent in amount of the claims of a kind specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section vote; and
>>
>>(2) such candidate receives the votes of creditors holding a majority in amount of claims specified in subsection (a)(1) of this section that are held by creditors that vote for a trustee.
>
>(d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.

11 U.S.C. § 702.

Rule 2003(b)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") governs the right to vote in an election. Bankruptcy Rule 2003(b)(3) provides:

>Right to Vote. In a chapter 7 liquidation case, a creditor is entitled to vote at a meeting if, at or before the meeting, the creditor has filed a proof of claim or a writing setting forth facts evidencing a right to vote pursuant to § 702(a) of the Code unless objection is made to the claim or the proof of claim is insufficient on its face. A creditor of a partnership may file a proof of claim or writing evidencing a right to vote for the trustee for the estate of a general partner notwithstanding that a trustee for the estate of the partnership has previously qualified. In the event of an objection to the amount or allowability of a claim for the purpose of voting, unless the court orders otherwise, the United States Trustee shall tabulate the votes for each alternative presented by the dispute and, if resolution of such dispute is necessary to determine the result of the election, the tabulation for each alternative shall be reported to the court.

Bankruptcy Rule 2003(d)(2) provides, in relevant part, that

>If the election is disputed, the United States [T]rustee shall promptly file a report stating that the election is disputed, informing the court of the nature of the dispute, and listing the name and address of any candidate elected under any alternative presented by the dispute . . . . Pending

> disposition by the court of a disputed election for trustee, the interim trustee shall continue in office. Unless a motion for resolution of the dispute is filed no later than 10 days after the United States [T]rustee files a report of disputed election, the interim trustee shall serve as trustee in the case.

Rule 9010(c) addresses powers of attorney and provides as follows:

> The authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim or the acceptance or rejection of a plan shall be evidenced by a power of attorney conforming substantially to the appropriate Official Form. The execution of any such power of attorney shall be acknowledged before one of the officers enumerated in 28 U.S.C. § 459, V 953, Rule 9012, or a person authorized to administer oaths under the laws of the state where the oath is administered.

## II.  FACTS

### A.  General Background

On November 3, 2011 (the "Filing Date"), the Debtor commenced her bankruptcy case *pro* se by filing a voluntary chapter 11 petition.  *See* ECF Doc. No. 1.

On or about the Filing Date, the United States Trustee appointed Howard P. Magaliff, Esq. (the "Interim Trustee") as the interim chapter 7 trustee of the Debtor's estate.  *See* ECF Doc. No. 5 (notice of Section 341(a) meeting).

On December 8, 2011, Wayne M. Greenwald, Esq. of Wayne M. Greenwald, P.C. ("Mr. Greenwald"), filed a notice of appearance on behalf of the Debtor.  *See* ECF Doc. No. 14.

On December 30, 2011, Krishnan S. Chittur, Esq. of Chittur & Associates, P.C. ("Mr. Chittur"), (i) filed pleadings in opposition to the lifting of the automatic stay on the Debtor's behalf and (ii) commenced an adversary proceeding on the Debtor's behalf  (the "Williams Adversary").  *See* ECF Doc. Nos. 15-16.  In an affirmation dated December 30, 2011, Mr. Chittur averred that he was representing the Debtor as "co-counsel" to Mr. Greenwald.  *See* ECF

-3-

Doc. No. 16.  To date, no order has been entered relieving Mr. Chittur or his firm from serving as counsel to the Debtor.

On January 6, 2012, Mr. Greenwald filed a motion seeking to withdraw as Debtor's counsel.  *See* ECF Doc. No. 21. To date, no order authorizing Mr. Greenwald's withdrawal has been entered.

On or about February 16, 2012, Karamvir Dahiya, Esq., filed a proof of claim (the "Chittur Claim") on behalf of Mr. Chittur and Chittur & Associates, P.C., in which Mr. Chittur alleged that he and his firm were owed $899,975 for "legal services provided."  *See* ECF Proof of Claim No. 1-1.

At the Section 341(a) meeting held on February 17, 2012 ("February 17 Meeting"), Krishnan S. Chittur, Esq. requested that a trustee election be held.  The Interim Trustee held an improper trustee election at the February 17 Meeting.

After being alerted in writing by the United States Trustee of the impropriety of the election held at the February 17 Meeting, the Interim Trustee scheduled and provided notice of a further adjourned Section 341(a) meeting of creditors for the purpose of conducting a trustee election to be held on April 11, 2012 (the "April 11 Meeting").  *See* ECF Doc. No. 33.

The April 11 Meeting was not held and the meeting of creditors was further adjourned to May 2, 2012 (the "May 2 Meeting").  *See* ECF Doc. No. 35. The Interim Trustee provided notice of the May 2 Meeting.  *Id.*

A trustee election was held at the May 2 Meeting. A copy of the transcript of the May 2 Meeting is annexed hereto as Exhibit A.

### B. May 2 Meeting

Nazar Khodorovsky, counsel to the United States Trustee, conducted the trustee election at the May 2 Meeting. Also present was Mary Moroney, bankruptcy analyst for the United States Trustee.

In addition to the United States Trustee's representatives, the following parties attended the election held at the May 2 Meeting:

(a) Howard P. Magaliff, Esq., the Interim Trustee; and

(b) Linda Williams, the Debtor; and

(c) Wayne M. Greenwald, Esq., counsel to the Debtor (appeared telephonically); and

(d) Krishnan S. Chittur, Esq., co-counsel to the Debtor, and a creditor by virtue of the Chittur Claim.

#### i. The Proposed Trustee

A request for a trustee election at the May 2 Meeting was made by Mr. Chittur. Mr. Chittur nominated Karamvir Dahiya, Esq. (the "Proposed Trustee") as a candidate for permanent trustee.[1] The Proposed Trustee did not attend the trustee election held at the May 2 Meeting.

#### ii. Ballots Submitted

No ballots were submitted prior to the May 2 Meeting. One ballot was submitted at the May 2 Meeting. Mr. Chittur voted the Chittur Claim in favor of the Proposed Trustee's candidacy for permanent trustee.

#### iii. Objections Interposed

At the May 2 Meeting, counsel to the United States Trustee interposed objections to

---

[1] Mr. Dahiya's address is: Karamvir Dahiya, Esq., Dahiya Law Offices LLC, 350 Broadway, Suite 412, New York, NY 10013.

(i) the holding of the election at the May 2 Meeting; (ii) the eligibility of the Proposed Trustee to serve as permanent trustee; (iii) the eligibility of Mr. Chittur to ask for a trustee election; and (iv) the eligibility of Mr. Chittur to submit a ballot at the trustee election held at the May 2 Meeting.

### iv. Inability to Certify the Election

Because the United States Trustee objected to the eligibility of the Proposed Trustee, to the eligibility of the only voter at the trustee election, and to the eligibility of the only party requesting the trustee election, the United States Trustee was not able to certify the trustee election held at the May 2 Meeting.

### C. Issues in Dispute

The issues in dispute are as follows:

**i.** As a question of law, may a creditor who has appeared as counsel to the Debtor and who has not withdrawn from such representation request that an election for a permanent trustee be held?

**ii.** As a question of law, may a creditor who has appeared as counsel to the Debtor and who has not withdrawn from such representation cast a ballot for a candidate at a trustee election?

**iii.** As a question of law, may a person serve as permanent trustee if the only vote in support of that person came from a creditor who has appeared as counsel to the Debtor and who has not withdrawn from such representation?

**III.  OBJECTIONS**

The purpose of section 702 is to insure that an election is creditor driven rather than attorney driven. *In re Michelex*, 195 B.R. 993, 1003 (Bankr. W.D. Mich. 1996); *In re Blanchard Mgmt. Corp.*, 10 B.R. 186,189 (Bankr. S.D.N.Y. 1981)("[t]he procedure under the Code makes it more difficult for a trustee to be elected unless there is actual creditor interest in the case. The Code's 20 percent requirement discourages attorney control and attempts to revitalize the idea of true creditor control.")

**A.     Eligibility of Mr. Chittur to Request a Trustee Election**

Section 702(b) of the Code, provides in relevant part that "[a]t the meeting of creditors held under section 341 of this title, creditors may elect one person to serve as trustee in the case if election of a trustee is requested by creditors that may vote under subsection (a) of this section, and that hold at least 20 percent in amount of the claims specified in subsection (a)(1) of this section that are held by creditors that may vote under subsection (a) of this section." 11 U.S.C. § 702(b).

Section 702(a) prohibits from voting otherwise eligible creditors (i) who have "an interest materially adverse, other than an equity interest that is not substantial in relation to such creditor's interest as a creditor, to the interest of creditors entitled to such distribution" as well as (ii) those creditors who are insiders.  11 U.S.C. § 702(a)(2)-(3).

In this case, under Section 702(a)(2), Mr. Chittur is a creditor whose claim is adverse to that of the general unsecured creditor body.  Mr. Chittur, as current counsel to the Debtor who is presently in chapter 7, has a fiduciary duty to represent zealously the best interests of his client, the Debtor, whose goal is to discharge her debts. *West v. Abdelaziz (In re Abdelaziz)*, Adv. Case

No. 11-6017, 2012 Bankr. LEXIS 591, at * 5-6 (Bankr. M.D.N.C. Feb. 1, 2012) (holding that the "*primary* goal of an individual filing a Chapter 7 bankruptcy petition is to obtain a discharge or a 'fresh start'") (emphasis added).  The goal of an unsecured creditor, on the other hand, is to maximize recovery on his or her claim.  These two goals are irreconcilably conflicted: an unsecured creditor, may, for instance, consider it in his or her best interest to object to the Debtor's discharge or to the dischargeability of a particular debt, whereas counsel to a chapter 7 debtor would have to oppose such relief.  *See, e.g.,* N.Y. Rule Prof'l Conduct 1.1(c)(2) (prohibiting counsel form acting so as to intentionally "prejudice or damage the client during the course of the representation.")

Mr. Chittur, consequently, has a clear conflict that makes him ineligible (i) to vote for a trustee at a trustee election and (ii) to request that a trustee election be held. Because of Mr. Chittur's ineligibility to request a trustee election, an appropriate 20 percent quorum was not present at the May 2 Meeting, and the election of the Proposed Trustee was not proper.

### B. Eligibility of Mr. Chittur to Elect a Trustee

For the reasons outlined *supra*, Mr. Chittur is not eligible to vote to elect a trustee at a trustee election.

### C. Eligibility of the Proposed Trustee to Serve as a Trustee

The Proposed Trustee is not eligible to serve as trustee for the following reasons: (i) as laid out *supra*, a proper quorum of 20 percent was not present at the May 2 Meeting, and, consequently, a valid trustee election could not be held; and (ii) as laid out *supra*, Mr. Chittur, the only voter, was not eligible to vote to elect a trustee at the May 2 Meeting because he is currently counsel for the Debtor.

## IV.　CONCLUSION

For the reasons set forth in this Report, the United States Trustee respectfully reports that the United States Trustee is unable to certify the trustee election held at the May 2 Meeting and provides to the Court this Report of Chapter 7 Election Controversy.

Dated:　New York, New York
　　　　August 8, 2012

                                         TRACY HOPE DAVIS
                                         UNITED STATES TRUSTEE

By:　　*/s/ Nazar Khodorovsky*
　　　　Nazar Khodorovsky
　　　　Trial Attorney
　　　　33 Whitehall Street, 21st Floor
　　　　New York, New York 10004
　　　　Tel. No. (212) 510-0500
　　　　Fax No. (212) 668-2255